FILED

04 MAR 11 PM 3:55

1  KATHY BAZOIAN PHELPS (State Bar No. 155564)
   AARON E. DE LEEST (State Bar No. 216832)
2  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
3  Los Angeles, California 90067-2904
   Telephone:   (310) 277-0077
4  Facsimile:   (310) 277-5735

5  Attorneys for David A. Gill
   Chapter 7 Trustee

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                **LOS ANGELES DIVISION**

11 In re                          ) Case No. LA 98-12646-ES
                                   )
12 TONI MICHELLE BRAXTON,          ) Chapter 7
                                   )
13          Debtor.                ) **TRUSTEE'S MOTION FOR ORDER**
                                   ) **AUTHORIZING THE SALE OF**
14                                 ) **ESTATE'S INTEREST IN CERTAIN**
                                   ) **MUSICAL COMPOSITIONS AND**
15                                 ) **MUSICAL MATERIAL; MEMORANDUM**
                                   ) **OF POINTS AND AUTHORITIES; AND**
16                                 ) **DECLARATION OF DAVID A. GILL**
                                   ) **AND REQUEST FOR JUDICIAL**
17                                 ) **NOTICE IN SUPPORT THEREOF**
                                   )
18                                 ) Date:   April 6, 2004
                                   ) Time:   10:30 a.m.
19                                 ) Place:  Courtroom 1645
                                   )         255 E. Temple Street
20 _____ )         Los Angeles, CA 90012

21      David A. Gill, Chapter 7 Trustee ("Trustee") for the estate

22 of Toni Michelle Braxton ("Debtor" or "Braxton"), hereby moves the

23 Court for an order authorizing the sale of certain musical

24 compositions and musical material to Braxton pursuant to the Asset

25 Purchase Agreement ("Agreement") for the sum of $65,000 (the

26 "Purchase Price"); $27,625 of the Purchase Price is payable to the

27 Braxton estate and $37,375 is payable to the Lady Ashlee estate

28 (the "Motion").  A true and correct copy of the Agreement is

                              -1-

225323.01 {XP} 9812646A

1  attached as Exhibit "1" to the Declaration of David A. Gill

2  appended hereto.

3       The Motion is based on the within Motion, the Memorandum of

4  Points and Authorities, and the Declaration of David A. Gill, and

5  upon such other and further evidence and argument as may be

6  submitted at or prior to the hearing on this matter.

7

8  Dated:  March ____10____, 2004    DANNING, GILL, DIAMOND & KOLLITZ, LLP

9

10                              By: _____

11                                   Aaron E. de Leest
                                     Attorneys for David A. Gill
12                                   Chapter 7 Trustee

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

225323.01 [XP] 9812646A

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Prior to the Petition Date, Braxton composed certain musical compositions and musical material (including the title, music and lyrics thereto) in whole or in part, alone or in collaboration with others, or acquired the ownership and control of certain musical compositions, which rights were held, directly or indirectly, alone or together with others, by Braxton or her designee as of the Petition Date (collectively "Compositions"). As of the Petition Date, Braxton and Lady Ashlee's interests in the Compositions became property of the respective bankruptcy estates.

The Trustee has received an offer from Braxton for the purchase of the Compositions, described more fully herein below (the "Assets") from the Braxton estate and the Lady Ashlee estate. The Trustee proposes to sell the Assets to Braxton for $65,000, with the sales proceeds to be divided between the Braxton and Lady Ashlee estates, subject to overbid as set forth herein.

### II.

### THE COURT SHOULD AUTHORIZE THE TRUSTEE TO SELL THE ESTATE'S INTEREST IN THE SUBJECT PROPERTY

A.   Bankruptcy Background

1.   On or about January 3, 1998, Toni Michelle Braxton ("Braxton" or "Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Code").

-3-

225323.01 [XP] 9812646A

1      2.    In addition, a related case was commenced on the same

2  date by Lady Ashlee, Inc. (LA 98-12655-ES), a corporate entity

3  wholly owned by the Debtor, filing of voluntary Chapter 7

4  petition.

5      3.    David A. Gill was appointed as the Chapter 7 Trustee in

6  both bankruptcy cases and continues to serve in that capacity.

7  B.    The Subject Property

8      The Trustee is proposing to sell all right, title and

9  interest throughout the world and universe in the Compositions,

10  including, without limitation, all copyrights, rights to

11  copyrights therein, the right to secure copyright registrations

12  and any and all rights of renewals and extensions of copyright

13  under applicable laws, treaties, regulations and directives now or

14  hereafter enacted or in effect throughout the world and universe

15  and all other rights relating to the Compositions, now known or

16  which may hereafter be recognized or come into existence, all

17  songwriter royalties (including, without limitation, royalties

18  paid through BMI, ASCAP, Jay Bird, or any record or publishing

19  companies), income and other payments of whatsoever nature and the

20  recordings thereof which the Braxton Estate and the Lady Ashlee

21  Estate are or may be entitled to receive or properly receives or

22  which is credited to any royalty account of the Braxton Estate or

23  the Lady Ashlee Estate or which becomes payable from any and all

24  sources on account of Braxton having been a songwriter with

25  respect to the Compositions, all claims and causes of action

26  relating to the Compositions accrued or hereafter accruing at any

27  time and the right of administration in and to the Compositions

28  (the "Assets").

-4-

1    The Compositions which existed as of the petition date which
2  were identified by the Debtor are:  How Many Ways; Best Friend;
3  Talking in His Sleep; How Could an Angel Break My Heart; and
4  You're Making Me High.

5  C.    The Terms of Sale

6      4.    The Trustee has obtained and accepted, subject to Court
7  approval and overbid, an offer from Braxton for the purchase of
8  the Assets from the Braxton estate and the Lady Ashlee estate.  A
9  copy of the proposed Asset Purchase Agreement ("Agreement") is
10 attached to the Declaration of David A. Gill, marked as Exhibit
11 "1" and incorporated herein by this reference.  The sale will
12 include the Trustee's right, title and interest, if any, in and to
13 the Assets.

14     5.    The Trustee proposes to sell the Assets to Braxton for
15 $65,000 (the "Purchase Price"), with the sum of $27,625 payable to
16 the Braxton Estate and $37,375 payable to the Lady Ashlee Estate.

17     6.    The Purchase Price is allocated between the Braxton
18 Estate and Lady Ashlee Estate based on the following formula: 15%
19 of the Purchase Price to the Lady Ashlee Estate, representing the
20 standard administration fee paid to a publishing company, with the
21 balance to be evenly divided between the two estates, representing
22 the customer split between writer and publishing company (the
23 "Purchase Price Formula").

24     7.    The proposed sale shall be "as is" and "where is,"
25 without warranty or recourse, subject only to overbid and to
26 Bankruptcy Court approval.

27     8.    The proposed sale shall be subject to any and all liens,
28 claims and encumbrances.

-5-

225323.01 [XP] 9812646A

1    9.    If there is any inconsistency between the Motion and the

2  Agreement, the terms of the Agreement shall control.

3  D.    Recommended Overbid Procedure

4    10.    The Trustee recommends that any party who wishes to

5  submit an overbid must provide a written bid to the Trustee and

6  counsel for Braxton no later than three (3) business days prior to

7  the hearing on the Motion.   To the extent that overbidding takes

8  place at the hearing, Braxton may participate in such overbidding.

9  E.    Request for Good Faith Finding

10    11.    Section 363(m) authorizes the Court to make a finding

11  that the buyer is a good faith purchaser.   A purchaser of property

12  is protected from the effects of reversal on appeal of the

13  authorization to sell as long as the Court finds that the

14  purchaser acted in good faith and the appellant fails to obtain a

15  stay of the sale 11 U.S.C. § 363(m).   Although the Bankruptcy Code

16  does not define "good faith," courts have provided guidance as to

17  the appropriate factors to consider.   See In re Pine Coast

18  Entertainers, Ltd., 147 B.R. 30, 33 (Bankr. N.D. Ill. 1992) ("The

19  requirement that a purchaser act in good faith speaks to the

20  integrity of its conduct in the course of the sale proceeding");

21  Kham and Nate's Shoes No. 2 v. First Bank, 908 F.2d 1351, 1355

22  (7th Cir. 1990) ("The purpose of § 363(m) is to disable courts

23  from backtracking on promises with respect to bankruptcy sales in

24  the absence of bad faith").   The Trustee requests that the Court

25  make a finding that the buyer is a good faith purchaser of the

26  subject property within the meaning of § 363(m) of the Bankruptcy

27  Code.

28

-6-

1  F.    Request to Approve Form and Manner of Notice

2       12.   Notice of this Motion is being served to all creditors

3  and interested parties in the Debtor's bankruptcy case.  In

4  addition, the sale will be posted in the Clerk's Office of the

5  United States Bankruptcy Court in the Central District of

6  California.  The Trustee asserts that the proposed form and manner

7  of notice of the sale is reasonable in view of his desire to keep

8  costs of sale at a minimum, thereby maximizing the distribution to

9  creditors.  The Trustee further requests that the Court find that

10 the form and manner of that notice is sufficient.

11

12                            III.

13        SECTION 363(b)(1) OF THE BANKRUPTCY CODE PERMITS THE

14        TRUSTEE TO SELL PROPERTY OF THE ESTATE OTHER THAN IN

15                THE ORDINARY COURSE OF BUSINESS

16       11 U.S.C. § 363(b)(1) provides:

17       [T]he trustee, after notice and a hearing, may use,

18       sell, or lease, other than in the ordinary course of

19       business, property of the estate.

20 11 U.S.C. § 363(b)(1).

21       The standard to be applied in determining whether a sale

22 should be authorized under 11. U.S.C. § 363(b)(1) is whether such

23 sale is in the best interests of the estate and the price is fair

24 and reasonable.  See generally, In re Canyon Partnership, 55 B.R.

25 520 (Bankr. S.D. Cal. 1985).  The Trustee is given substantial

26 discretion in this regard.  Id.  Further, the Court has broad

27 discretion with respect to matters under Section 363(b).  See, Big

28 Shanty Land Corn. v. Comer Properties, Inc., 61 B.R. 272, 278

225323.01 [XP] 9812646A

1  (Bankr. N.D. Ga. 1985).  Meeting this standard, of course, is

2  dependent in part upon the purpose of such sale.

3  Here, the proposed judicial sale is reasonable under the

4  circumstances.  The Trustee's duties in liquidating the assets of

5  the estate require that the Trustee sell the property of the

6  Debtor.  The Trustee believes that the proposed sale of the Assets

7  is the best method by which to maximize the value of the estate's

8  interest in the Compositions.  As evidenced by the accompanying

9  Declaration of David A. Gill, the Trustee has contacted various

10  people in the entertainment industry to ascertain the value of the

11  Compositions and to attempt to locate a possible purchaser.

12  The offer of $65,000 represents the best offer received by

13  the Trustee for the purchase of the Trustee's interest in the

14  Compositions.  The Trustee believes that the Purchase Price of

15  $65,000 for the Compositions represents the fair market value of

16  the Assets.  This belief is based upon information provided to the

17  Trustee by a recording industry expert.  The Trustee is advised

18  that the Compositions are likely worth more to Braxton than to any

19  one else and that finding another buyer would be difficult.

20

21  IV.

22  CONCLUSION

23  Based upon the foregoing, the Trustee respectfully requests

24  that the Court:

25  (a)  confirm the proposed sale of the Assets to Braxton on

26  the indicated terms, subject to any higher and better bids;

27  (b)  confirm the use of the recommended overbid procedures;

28

-8-

225323.01 [XP] 9812646A

1    (c)   authorize the Trustee to do all things reasonably

2 necessary and appropriate to consummate the transaction once

3 approved;

4    (d)   make a finding that the buyer is a good faith purchaser

5 of the subject property within the meaning of § 363(m) of the

6 Bankruptcy Code;

7    (e)   approve the form and manner of notice provided by the

8 Trustee; and

9    (f)   for all other appropriate relief.

10

11 Dated:   March ____10____, 2004    DANNING, GILL, DIAMOND & KOLLITZ, LLP

12

13

14                              By: _____

15                                  Aaron E. de Leest
                                    Attorneys for David A. Gill
                                    Chapter 7 Trustee

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

## DECLARATION OF DAVID A. GILL

I, David A. Gill, declare and state as follows:

1.   I am the duly appointed Chapter 7 Trustee (the "Trustee") for the estate of Toni Michelle Braxton ("Braxton" or the "Debtor").   The facts stated herein are known to be true of my own personal knowledge, or are made to the best of my knowledge, information and belief.

2.   Attached hereto as Exhibit "1" is a true and correct copy of the Asset Purchase Agreement.

3.   I am informed and believe that prior to the Petition Date, Toni Michelle Braxton ("Braxton") composed certain musical compositions and musical material (including the title, music and lyrics thereto) in whole or in part, alone or in collaboration with others, or acquired the ownership and control of certain musical compositions, which rights were held, directly or indirectly, alone or together with others, by Braxton or her designee as of the Petition Date (collectively "Compositions").

4.   Based upon my review of the Debtor's schedules, I am advised that the Compositions which existed as of the petition date which were identified by the Debtor are:   How Many Ways; Best Friend; Talking In His Sleep; How Could an Angel Break My Heart; and You're Making Me High.

5.   As of the Petition Date, Braxton and Lady Ashlee's interests in the Compositions became property of the respective bankruptcy estates.

6.   I am proposing to sell the estate's right, title and interest throughout the world and universe in the Compositions, including, without limitation, all copyrights, rights to

-10-

1 copyrights therein, the right to secure copyright registrations
2 and any and all rights of renewals and extensions of copyright
3 under applicable laws, treaties, regulations and directives now or
4 hereafter enacted or in effect throughout the world and universe
5 and all other rights relating to the Compositions, now known or
6 which may hereafter be recognized or come into existence, all
7 songwriter royalties (including, without limitation, royalties
8 paid through BMI, ASCAP, Jay Bird, or any record or publishing
9 companies), income and other payments of whatsoever nature and the
10 recordings thereof which the Braxton Estate and the Lady Ashlee
11 Estate are or may be entitled to receive or properly receives or
12 which is credited to any royalty account of the Braxton Estate or
13 the Lady Ashlee Estate or which becomes payable from any and all
14 sources on account of Braxton having been a songwriter with
15 respect to the Compositions, all claims and causes of action
16 relating to the Compositions accrued or hereafter accruing at any
17 time and the right of administration in and to the Compositions
18 (the "Assets").

19     7.    I and my counsel have contacted various parties in the
20 entertainment industry in order to attempt to ascertain the value
21 of the Assets and to locate a possible purchaser, including record
22 companies, an entertainment lawyer, and an entertainment industry
23 expert.   After arms-length negotiations, I received an offer from
24 Braxton for the purchase of the Assets from the Braxton estate and
25 the Lady Ashlee estate for a total of $65,000.   I propose to sell
26 the Assets to Braxton, or to any person who appears at the hearing
27 and submits a higher acceptable bid on similar terms, subject to
28 the qualifications set forth in the Asset Purchase Agreement.

225323.01 [XP] 9812646A

1    8.    I believe that the proposed sale of the Assets is the
2  best method by which to maximize the value of the estate's
3  interest in the Assets.

4    9.    The offer of $65,000 is the highest and best offer I
5  have received for the purchase of the estate's interest in the
6  Assets.

7    10.   I am informed and believe that the fair market value of
8  the Assets in a liquidation setting is approximately $65,000.
9  This belief is based upon information provided to me by an
10  entertainment industry expert regarding the value of the Assets.

11    11.   The Purchase Price is allocated between the Braxton
12  Estate and Lady Ashlee Estate based on the following formula: 15%
13  of the Purchase Price to the Lady Ashlee Estate, representing the
14  standard administration fee paid to a publishing company, with the
15  balance to be evenly divided between the two estates, representing
16  the customer split between writer and publishing company (the
17  "Purchase Price Formula").   I am advised that the Purchase Price
18  Formula is in line with industry standards for allocating the
19  Purchase Price between the writer and the publishing company.
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

-12-

12.   Accordingly, I believe that a proposed sale and overbid procedure is in the best interests of the estate and its creditors, and should be approved.

I declare under penalty of perjury that the foregoing is true and correct, except for those matters stated on information and belief, to which I attest to said belief.

Executed this __9__ of March, 2004, in Los Angeles, California.

DAVID A. GILL

-13-

225323.01 [XP] 9812646A

## REQUEST FOR JUDICIAL NOTICE

David A. Gill, the Chapter 7 trustee herein (the "Trustee"), respectfully requests that the Court take judicial notice of the following facts and documents which are contained in the Court's files in this case:

1.    On or about January 3, 1998, Toni Michelle Braxton ("Braxton" or "Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Code").

2.    In addition, a related case was commenced on the same date by Lady Ashlee, Inc. (LA 98-12655-ES), a corporate entity wholly owned by the Debtor, filing of voluntary Chapter 7 petition.

3.    David A. Gill was appointed as the Chapter 7 Trustee in both bankruptcy cases and continues to serve in that capacity.

4.    A copy of Schedule B-15 of the Debtor is attached hereto as Exhibit "2."

Dated:   March ___10___, 2004    DANNING, GILL, DIAMOND & KOLLITZ, LLP


By: _____
    Aaron E. de Leest
    Attorneys for David A. Gill
    Chapter 7 Trustee

-14-

# Exhibits

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement ("Agreement"), dated as of _____, 2003, is entered into by and between David A. Gill, solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the bankruptcy estates of Toni Braxton (the "Braxton Estate") and Lady Ashlee, Inc. (the "Lady Ashlee Estate" or "Lady Ashlee"), and Toni Braxton ("Buyer" or "Braxton"), based on the following recitals and terms and conditions.

## RECITALS

A.      The bankruptcy cases of Braxton and Lady Ashlee were commenced on January 3, 1998 by the filing of a voluntary petition under Chapter 7 of title 11 of the United States Code.

B.      David A. Gill was appointed as the Chapter 7 Trustee of both bankruptcy cases and continues to serve in that capacity.

C.      Prior to the Petition Date, Braxton composed certain musical compositions and musical material (including the title, music and lyrics thereto) in whole or in part, alone or in collaboration with others, or acquired the ownership and control of certain musical compositions, which rights were held, directly or indirectly, alone or together with others, by Braxton or her designee as of the Petition Date ("Compositions"). As of the Petition Date, Braxton and Lady Ashlee's interests in the Compositions became property of the respective bankruptcy estates. In connection with a previous settlement of certain claims and issues in these cases, the Trustee's rights to receive payment from Jay Bird Alley Music ("Jay Bird") on account of the Compositions was transferred to Braxton. Nothing in this Agreement is intended to modify or otherwise alter such payment obligation.

D.      The Trustee has received an offer from Braxton for the purchase of the assets described in paragraph 3 below (the "Assets") from the Braxton Estate and the Lady Ashlee Estate. The Trustee proposes to sell the Assets to Braxton, or to any person who appears at the hearing and submits a higher acceptable bid on similar terms, subject to the qualifications set forth below.

E.      Braxton desires to purchase and the Trustee desires to sell the Assets described below, upon the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of the foregoing recitals and the terms and conditions set forth below, the parties hereby agree as follows:

EXHIBIT     **1**

15

1. <u>Bankruptcy Court Approval and Overbid</u>: This Agreement is expressly contingent upon the entry of an order of the Bankruptcy Court approving the Agreement in both the Braxton and Lady Ashlee bankruptcy cases. This sale is subject to overbids at the time of hearing to approve the sale (the "Sale Hearing"). The Trustee will recommend to the Court that any party who wishes to submit an overbid must provide a written bid to the Trustee and counsel for Braxton no later than three (3) business days prior to the Sale Hearing. To the extent that overbidding takes place at the Sale Hearing, Braxton may participate in such overbidding.

2. <u>Purchase Price</u>: On or before the Closing Date, Braxton shall pay to the Trustee a purchase price ("Purchase Price") for the Assets as follows:

      a. the sum of $27,625 for a portion of the Assets allocable to the Braxton Estate, which sum shall be payable into the Braxton Estate.

      b. the sum of $37,375 for a portion of the Assets allocable to the Lady Ashlee Estate, which sum shall be payable into the Lady Ashlee Estate.

3. <u>Assets to be Purchased</u>. Subject to all of the terms and conditions of this Agreement, effective as of the Closing Date, the Trustee shall sell, transfer and deliver to Braxton, and Braxton shall purchase all right, title and interest of the Lady Ashlee Estate and the Braxton Estate in and to the Assets described as follows:

      All right, title and interest throughout the world and universe in the Compositions, including, without limitation, all copyrights, rights to copyrights therein, the right to secure copyright registrations and any and all rights of renewals and extensions of copyright under applicable laws, treaties, regulations and directives now or hereafter enacted or in effect throughout the world and universe and all other rights relating to the Compositions, now known or which may hereafter be recognized or come into existence, all songwriter royalties (including, without limitation, royalties paid through BMI, ASCAP, Jay Bird, or any record or publishing companies), income and other payments of whatsoever nature and the recordings thereof which the Braxton Estate and the Lady Ashlee Estate are or may be entitled to receive or properly receives or which is credited to any royalty account of the Braxton Estate or the Lady Ashlee Estate or which becomes payable from any and all sources on account of Braxton having been a songwriter with respect to the Compositions, all claims and causes of action relating to the Compositions accrued or hereafter accruing at any

**EXHIBIT** **1**

16

time and the right of administration in and to the Compositions (the
"Assets").

5. <u>Closing Date</u>:  The sale shall close on or before the eleventh day after the date of entry
of the Court Order approving the sale unless extended by Seller in his sole discretion.

6. <u>Representations and Warranties</u>.  Each party represents and warrants to the other that it
has the authority to enter into the subject transaction providing for the sale of the Assets to
Braxton.  Except as expressly set forth herein, the Trustee makes no representations or
warranties, express, implied or statutory, including without limitation warranty of
merchantability and warranty of fitness for a particular purpose, all of which are waived and
disclaimed.  THE ASSETS SHALL BE SOLD IN "AS-IS", WHERE IS CONDITION", WITH
NO REPRESENTATIONS OF WARRANTIES WHATSOEVER.

7.    <u>Limitation of Rights and Remedies</u>.  David A. Gill, acting as Seller herein, is a
party to this transaction solely in his capacity as Chapter 7 trustee of the Braxton Estate and the
Lady Ashlee Estate.  Under no circumstances shall any claim of liability arising out of this
transaction accrue to or be chargeable against David A. Gill, individually, or in any other
professional capacity.

182390.4    0213004A
10747-001\DOCS_SF:30028.3
DRAFT 08/22/03 9:26 AM

**EXHIBIT    1**

8.      <u>Bankruptcy Court Jurisdiction</u>.  The Trustee and Braxton hereby agree that the Bankruptcy Court shall have the sole jurisdiction to enforce this Agreement and determine the parties' rights and obligations thereunder.  To the extent required, Braxton hereby consents to same.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date and year first written above.

**SELLER:**

_____
DAVID A. GILL, Chapter 7
Trustee of the bankruptcy estates
of Toni Braxton and Lady Ashlee, Inc.


**BUYER:**


_____
TONI BRAXTON

182390.4      0213004A
10747-001\DOCS_SF:30028.3
DRAFT 08/22/03 9.26 AM

**EXHIBIT    1**

ししし **1 8**

8.     <u>Bankruptcy Court Jurisdiction</u>.  The Trustee and Braxton hereby agree that the Bankruptcy Court shall have the sole jurisdiction to enforce this Agreement and determine the parties' rights and obligations thereunder.  To the extent required, Braxton hereby consents to same.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date and year first written above.

**SELLER:**

_____
DAVID A. GILL, Chapter 7
Trustee of the bankruptcy estates
of Toni Braxton and Lady Ashlee, Inc.

**BUYER:**

TONI BRAXTON

182390.4     0213004A
10747-001\DOCS_SF:30028.3
DRAFT 12/10/03 5:21 PM

EXHIBIT     **1**                    19

# Exhibits

SCHEDULE B-15
ACCOUNTS RECEIVABLE

| DESCRIPTION | VALUE |
|---|---|
| *Songwriting Royalties for the following songs:<br><br>How Many Ways<br>Best Friend<br>Talking in His Sleep<br>How Could an Angel Break My Heart<br>You're Making Me High | Unknown. |
| Royalties Pursuant to Recording Contract with LaFace Records, Arista Ventures, Inc. and Ernesto Phillips ("Record Company") | Unknown.<br><br>Prior to the commencement of these bankruptcy cases, the nondebtor party to this contract sued the Debtor for breach of the contract.  In light of this pending litigation and the Record Company's practice of recouping exorbitant costs from the royalties due the Debtor, the value of future royalties is highly questionable.[1] |

* Royalties may be paid by the following entities:

Columbia House
5900 Finch Avenue East
Scarborough, Ontario
Canada M1B 5X7
Account No.0017105

MMO Music Group
50 Executive Bl.
Elmsford, NY 10523-1325
Account# Lady Ashlee Music

Broadcast Music, Inc.
320 W. 57th Street
New York, NY 10019
Account #s 456W and R8899P

Jay Bird Alley Music, Inc.
3340 Peachtree Road N.E. #2120
Atlanta, GA 30326
Account #182

---

[1]   Any royalties from the film "Waiting to Exhale" are reported on the royalty statements from Arista/LaFace.

F:\WP\10747\KDS\DOC\161458.1

EXHIBIT   **2**                     20

1

PROOF OF SERVICE

2

I, Martha Gonzalez, declare:

3

I am employed by the law firm of DANNING, GILL, DIAMOND & KOLLITZ, LLP, in the County of Los Angeles, State of California. I am employed in the office of a member of the bar of this court at whose direction the service was made. I am over the age of 18 years and am not a party to the within action. My business address is 2029 Century Park East, Third Floor, Los Angeles, California 90067-2904.

4

5

6

7

On March 11, 2004, I served the following document(s):

8

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE SALE OF CERTAIN MUSICAL COMPOSITIONS AND MUSICAL MATERIAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID A. GILL IN SUPPORT**

9

10

on the interested parties addressed as follows:

11

[SEE ATTACHED SERVICE LIST.]

12

(By Mail) I placed the document for collection and deposit in the mail. I am familiar with this firm's practice for the collection and processing of correspondence for mailing. Under that practice, the document would be placed in a sealed envelope and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 2029 Century Park East, Third Floor, Los Angeles, California 90067-2904, in the ordinary course of business. The documents served were placed in sealed envelopes and placed for collection and mailing following ordinary business practices.

13

14

15

16

17

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

18

19

Executed on March 11, 2004, at Los Angeles, California.

20

21

| Martha Gonzalez | _Martha Gonzalez_ |
| (Type or print name) | (Signature) |

22

23

24

25

26

27

28

-15-

225323.01 [XP] 9812646A

1

## SERVICE LIST

2

United States Trustee
Office of the U.S. Trustee
3    725 So. Figueroa St., 26th Floor
Los Angeles, CA 90017

4

Attys for Padell, Nadell, Fine Weinberger & Co.
Michael E. Lehman, Esq.
LEHMAN, LEHMAN & GRUBER
70 So. Orange Avenue
Livingston, NJ 07039

5    **Debtor**
Toni Michelle Braxton
6    c/o Gary Stiffelman Esq.
1801 Century Park West
7    Los Angeles, CA 90067

Jay Bird Alley Music, Inc.
3340 Peachtree Road N.E. #2120
Atlanta, GA 30326

8    **Attorneys for Debtor**
Thomsen J. Young, Esq.
9    Debra Grassgreen, Esq.
Pachulski, Stang, Ziehl & Young P.C.
10    10100 Santa Monica Blvd, #1100
Los Angeles, CA 90067

11

**Chapter 7 Trustee**                    **VIA HAND**
12    David A. Gill , Trustee
2029 Century Park East, Third Floor
13    Los Angeles, CA 90067-2904

14    **REQUESTED SPECIAL NOTICE:**
**Attys for Arnold Stiefel, Brandon K. Phillips, Stiefel-**
15    **Phillips Entertainnment, Stiefel Entertainment, Inc.**
**and Management West International,Inc.:**
16    Alan S. Gutman, Esq.
Dina M. De Laurentis, Esq.
17    Law Offices of Alan S. Gutman
9401 Wilshire Blvd., Suite 575
18    Beverly Hills, CA 90212-2918

19    **Attorneys for LaFace Records**
Robert J. White, Esq.
20    Suzzanne Uhland, Esq.
O'Melveny & Myers
21    400 S. Hope Street
Los Angeles, CA 90071

22    **Arista Records, Inc.**
Carol Fenelon, Esq.
23    6 West 57th Street
New York, NY 10019

24

**Republic National Bank of NY**
25    Louis Strassberg, Esq.
Strassberg & Strassberg
26    Eleven Penn Plaza, #2102
New York, NY 10001

27

28

225323.01 [XP] 9812646A